IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION, LEXINGTON DOCKET

GARY CASTLE,                                          )
                                                      )
                              PLAINTIFF,               )
                                                      )
                                                      )
                                                      )
v.                                                    ) NO. _____
                                                      )
                                                      )
RICHMOND HEALTH FACILITIES – KENWOOD, LP,             )
d/b/a MADISON HEALTH AND REHABILITATION               )
CENTER,                                               )
                                                      )
                              DEFENDANT.              )

## NOTICE OF REMOVAL

Defendant, Richmond Health Facilities – Madison, LP, d/b/a Madison Health and Rehabilitation Center improperly named in the Complaint as Defendant, Richmond Health Facilities – Kenwood, LP, d/b/a Madison Health and Rehabilitation Center for its notice of removal of this action, states as follows:

1.      In this Notice of Removal, Defendant, Richmond Health Facilities – Madison, LP, d/b/a Madison Health and Rehabilitation Center (hereinafter "Defendant"), exercises its rights under the provisions of 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446 to remove this action from the Circuit Court of Madison County, Kentucky, to the United States District Court for the Eastern District of Kentucky.

2.      In his Complaint, the Plaintiff, Gary Castle (hereinafter, "Plaintiff"), alleges that "[a]t all times material hereto, Plaintiff, (sic) was and continues to be a resident of Irvine, Estill

101 South Fifth Street, Suite 1450
Louisville, Kentucky  40202
(502) 582-1600

County, Kentucky." Complaint at ¶9; attached as Exhibit "A." Therefore, Plaintiff is a citizen of Kentucky, the forum state.

3.　　Defendant is a foreign limited partnership, organized under the laws of Texas. *Id.* at ¶2. The Complaint acknowledges that Defendant's principal office is in Plano, Collin County, Texas. *Id.* at ¶ 3. The general partner of Defendant is Richmond Health Facilities-Madison, GP, LLC, a Texas limited liability company with a principal place of business in Plano, Collin County, Texas. The limited partner of Defendant is Thomas Scott, a citizen and resident of Plano, Collin County, Texas. Because no partners of the Defendant partnership are citizens of the forum state, but are all citizens of Texas, the parties are diverse. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-196, 110 S.Ct. 1015, 1021 (1990).

4.　　Plaintiff has alleged further that Defendant was ordinarily negligent and was negligent *per se* pursuant to violations of "Titles XVIII or XIX of the Social Security Act", as well as various Kentucky state statutes, and violated Kentucky Revised Statutes 216,510, et seq., the Kentucky Long Term Care Resident's Rights Act. *Id.* at ¶¶ 25, 27(a-e), 40.

5.　　Plaintiff alleges that, in committing the above torts, Defendant caused damages "in an amount to be determined by the jury, but…exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees." *Id.* at ¶ 43. Therefore, the amount in controversy is appropriate to confer federal jurisdiction, pursuant to 28 U.S.C. §1446(c)(2)(A)(ii).

6.　　These allegations satisfy the requirements of 28 U.S.C. 1332(a)(1) for diversity of citizenship cases between citizens of different states, giving this Court original jurisdiction pursuant to 28 U.S.C §1441(a).

shelter·law·hrm
101 South Fifth Street, Suite 1450
Louisville, Kentucky 40202
(502) 582-1600

7.      Plaintiff commenced this action on October 10, 2014, by filing a Complaint in the Circuit Court of Madison County, Kentucky. Complaint at 1. Defendant was served on October 14, 2014. Summons and Service of Process Summary Transmittal Form (hereinafter "Summons"); attached as Composite Exhibit "B." Because Defendant files this Notice of Removal within thirty (30) days of service, this Notice of Removal is timely under 28 U.S.C. §1446(b)(1).

8.      Pursuant to the provisions of 28 U.S.C. §1446(a), Defendant certifies that the attached Complaint, Summons, and Answer are the only "process, pleadings, and orders" served to date in the state action to be removed.

9.      Because there is only one (1) Defendant named in this matter, all Defendants who have been properly joined and served have consented to the removal of this action. 28 U.S.C. §1446(b)(2).

10.     Defendant reserves the right to amend and supplement this information as necessary or required by this Court.

11.      Defendant certifies that no provisions described in 28 U.S.C. §1445 apply to make this case non-removable.

12.     A true copy of this Notice of Removal will be filed with the Clerk for the Madison Circuit Court as required by 28 U.S.C. §1446(d). Defendant attaches a copy of his Notice of Filing of Notice of Removal, to be filed in the Madison Circuit Court and served upon counsel for Plaintiff. Notice of Filing; attached as Exhibit "C."

13.     By filing this Notice of Removal, Defendant does not waive any applicable defenses allowable under the Federal Rules of Civil Procedure ("FRCP"), including, but not limited to, the defenses set forth in FRCP 8(c), 9, and 12, lack of personal jurisdiction, improper

shelter·law·firm
101 South Fifth Street, Suite 1450
Louisville, Kentucky  40202
(502) 582-1600

venue, failure to state a claim upon which relief can be granted, statute of limitations, or any other defense.

14.     Pursuant to the Joint Local Rules of Civil Practice ("LR") 3.1(a)(2)(B) and 8.1, Defendant states that the Jury Division in which a substantial portion of the alleged events or omissions giving rise to the claims in this matter occurred is the Eastern District, Central Division, Lexington Docket.

WHEREFORE, Defendant respectfully requests that this action be removed to this Court and placed on its docket for further proceedings.

Respectfully submitted,

SHEFFER LAW FIRM, PLLC

   /s/  Ronald G. Sheffer, Esq.
Ronald G. Sheffer, Esq.
Philip L. Monhollen, Esq.
101 South Fifth Street, Suite 1450
Louisville, Kentucky 40202
Telephone: (502) 582-1600
Email: rsheffer@kylaw.com
        pmonhollen@kylaw.com
Facsimile:   (502) 582-1193
*Counsel for Defendant, Richmond Health Facilities-Madison, LP*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was delivered, pursuant to FRCP 5(b)(2)(C), *via* first-class U.S. Mail, postage pre-paid, and via electronic mail, to all of the individuals on the following service list on this 30th day of October, 2014.

   /s/  Ronald G. Sheffer, Esq.
*Counsel for Defendant, Richmond Health Facilities-Madison, LP*

sheffer·law·firm
101 South Fifth Street, Suite 1450
Louisville, Kentucky  40202
(502) 582-1600

<u>SERVICE LIST</u>:

Jeffrey T. Sampson, Esq.
THE SAMPSON LAW FIRM
450 S. Third Street, 4th Floor
Louisville, Kentucky 40202
E-mail: jeff@slftrial.com
*Counsel for Plaintiff, Gary Castle*

shelter·law·firm
101 South Fifth Street, Suite 1450
Louisville, Kentucky  40202
(502) 582-1600