NO. 14-CI-581

TIME _____ FILED _____ A.M./P.M.

OCT 10 2014

MADISON CIRCUIT COURT
DARLENE SNYDER, CLERK

**MADISON CIRCUIT COURT**
**DIVISION ___I___**

JUDGE _____

**GARY CASTLE**                                                                                          **PLAINTIFF**

v.

**RICHMOND HEALTH FACILITIES – KENWOOD, L.P.**          **DEFENDANT**
**d/b/a MADISON HEALTH AND REHABILITATION**
**CENTER**
   Serve:  **National Registered Agents, Inc.**
   **306 West Main Street, Suite 512**
   **Frankfort, KY 40601**

## COMPLAINT

\* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Gary Castle, and brings this cause of action against the Defendant,

Richmond Health Facilities – Kenwood, L.P. d/b/a Madison Health and Rehabilitation Center

("Madison Health").

Plaintiff, by and through counsel, states as follows:

### THE PARTIES

1.      Gary Castle was admitted as a resident of the nursing facility known as Madison

Health and Rehabilitation Center, located at 131 Meadowlark Drive, Richmond, Kentucky 40475

(the "Facility") on January 15, 2014 (the "Admission").

2.      Defendant, Madison Health, is a foreign ULPA limited partnership, organized

under the laws of Texas; Defendant, Madison Health, is in good standing and authorized to do

business in the Commonwealth of Kentucky.

3.      Defendant, Madison Health's, principal office is located at 5420 West Plano

Parkway, Plano, Texas 75093.

1

4.     The registered agent for service of process for Defendant, Madison Health, is National Registered Agents, Inc., 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5.     Upon information and belief, at all times material to this action, Defendant, Madison Health, owned, operated, managed, controlled, and/or provided services to or for the Facility; Defendant, Madison Health was, at all times material to this action, the "licensee" of the Facility pursuant to the laws of the Commonwealth of Kentucky and regulations promulgated under those laws and enforced by the Kentucky Cabinet for Health and Family Services (the "Cabinet"), as licensee of the Facility, Defendant, Madison Health, was legally responsible for all of the Facility's operations, including but not limited to, ensuring compliance of Defendant, Madison Health, the Facility, and all staff, agents, and employees of Defendant, Madison Health, and others, not employed by Defendant, Madison Health, providing care and treatment at the Facility, with all laws and regulations related to Defendant, Madison Health's, operation of the Facility.

6.     The causes of action made the basis of this suit arise out of any and all of the business conducted by Defendant, Madison Health, in its ownership, operation, management, control, licensing of, or services provided by, at, or for the Facility during Gary Castle's residence at the Facility.

7.     Defendant, Madison Health, controlled all day-to-day operations of the Facility, including but not limited to, planning, management, budget and quality control of the Facility. The authority exercised by Defendant, Madison Health, and its members, management, and Madison Health's Principals directly or indirectly through Defendant, Madison Health's, staff, agents, and employees over the Facility included, and continues to include control of marketing; management of human resources, personnel, training, and staffing; creation and implementation of all policies

2

and procedures required to be used by the Facility, specifically, and nursing facilities in the Commonwealth of Kentucky, in general; coordination of any applicable federal and state reimbursement, quality care assessment and compliance; licensure and certification; procurement of legal services; and financial, tax and accounting control through fiscal policies established by Defendant, Madison Health, its management, and/or Principals.

## JURISDICTION AND VENUE

8.   Plaintiff, Gary Castle, restates and reasserts the information and allegations contained in Paragraphs 1 – 7, as if fully set forth herein.

9.   At all times material hereto, Plaintiff, was and continues to be a resident of Irvine, Estill County, Kentucky.

10.   The Facility is located in Richmond, Madison County, Kentucky.

11.   Upon information and belief, Defendant, Madison Health, operates its business in Richmond, Madison County, Kentucky.

12.   The amount in controversy is in excess of the jurisdictional minimum for matters brought in the Madison County Circuit Court of the Commonwealth of Kentucky.

13.   Jurisdiction and venue are proper in this Madison County Circuit Court of the Commonwealth of Kentucky.

## FACTUAL ALLEGATIONS

14.   Plaintiff, Gary Castle, restates and reasserts the information and allegations contained in Paragraphs 1 – 13, as if fully set forth herein.

15.   Gary Castle was admitted to the Facility on or about January 15, 2014.

16.   Gary Castle was discharged from the Facility on or about January 27, 2014.

17.    Gary Castle was looking to Defendant for treatment of his total needs, including but not limited to, custodial care, nursing care, all other medical care, and assistance with activities of daily living, not merely as a site where others, not associated with Defendant or the Facility, would treat him.

18.    At all relevant times mentioned herein, Defendant maintained ownership, operation, managed and/or controlled the Facility directly and indirectly, through other business enterprises or a business enterprise, partnership, or the agency of another, other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

19.    Defendant is directly or vicariously liable for any and all acts and omissions made by any person or entity, controlled directly or indirectly, including but not limited to any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether operating within or outside the Facility and whether an individual, entity, or agency.

20.    Defendant failed to discharge their obligations of care to Gary Castle, with a conscious disregard for his rights and safety.  At all times mentioned herein, upon information and belief, Defendant through their Principals, corporate officers, administrators, or agents of each such Defendant, had knowledge of and ratified, otherwise authorized, all of the acts and omissions which caused the injuries suffered by Gary Castle, as more fully set forth below; and knew the Facility could not provide the minimum standard of care necessary for adequate treatment of the weak and vulnerable residents of the Facility, including Gary Castle.

21.    Due to the wrongful conduct of Defendant, Madison Health, Plaintiff, Gary Castle, suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

4

a) Pressure ulcers and other avoidable skin deterioration;

b) Infection;

c) Failure to respond timely to requests for care;

d) Failure to promote dignity;

e) Dehydration; and

f) Overmedicated.

## NEGLIGENCE

22.     Plaintiff, Gary Castle, re-alleges and incorporates the information and allegations contained in Paragraphs 1 – 21, as if fully set forth herein.

23.     Defendant, Madison Health, owed a non-delegable duty to Plaintiff, Gary Castle, to provide him the custodial care, services and supervision that a reasonably long-term care facility would provide under similar circumstances.

24.     Upon information and belief, Defendant, Madison Health, knowingly developed and maintained staffing levels at the Facility below those necessary to adequately care for and treat its Residents, including Plaintiff, Gary Castle, with a willful and negligent disregard of patient acuity levels as well as the minimal time necessary to perform the essential functions of providing care to Plaintiff, Gary Castle.

25.     Defendant, Madison Health, negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)      Failure by the members of the governing body and Principals of each Defendant, and of the staff of the Facility to discharge their legal and lawful obligations by:

1)      Ensuring that the rules and regulations designed to protect the health and safety of the residents, including Gary Castle, as promulgated by the Commonwealth of Kentucky's Cabinet for Health and Family Services, Division of Long Term Care;

5

2)    Ensuring compliance with any or all resident care policies for the Facility; and

3)    Ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b)    Failure to provide a facility that was sufficiently staffed with personnel who were properly qualified and trained;

c)    Failure to provide the minimum number of qualified personnel to meet the total needs of Gary Castle;

d)    Failure to maintain all records on Gary Castle, in accordance with accepted professional standards and practices;

e)    Failure to ensure that Gary Castle, received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f)    Failure to maintain and, when necessary, increase the number of personnel, medical or otherwise, at the Facility to ensure that Gary Castle, received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to his skin, feet, nails, and oral hygiene;

g)    Failure to have in place adequate guidelines, policies and procedures of the Facility and to administer those policies through enforcement of particular rules, regulations, by-laws or guidelines;

h)    Failure to take any or all necessary and reasonable custodial measures to prevent the onset and progression of pressure ulcers or other skin breakdown to Gary Castle, during his residency;

i)    Failure to monitor or increase the number of nursing personnel at the Facility to ensure that Gary Castle:

1)    Received timely and accurate care assessments;

2)    Received prescribed treatment, medication and diet; and

3)    Received timely custodial, nursing and medical intervention due to a significant change in condition.

j)    Failure to take timely and/or reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the Facility;

k)      Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Gary Castle, in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)      Failure to provide adequate hygiene and sanitary care to prevent infection; and

m)      Failure to provide proper custodial care.

26.      A reasonably prudent long-term care facility would not have failed to provide the care listed above, it was foreseeable that these breaches of ordinary care would result in serious injuries to Plaintiff, Gary Castle. With regard to each of the foregoing acts and omissions, which amount to negligence, Defendant, Madison Health, acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff, Gary Castle.

27.      Pursuant to KRS 446.070, Plaintiff, Gary Castle, also alleges Defendant, Madison Health, violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Plaintiff, Gary Castle, was injured by the statutory violations of Defendant, Madison Health, and was within the class of persons for whose benefit the statutes were enacted and who were intended to be protected by these statutes. The negligence *per se* of Defendant, Madison Health, included, but is not limited to, violation(s) of the following:

a)      Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Plaintiff, Gary Castle;

b)      Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Plaintiff, Gary Castle, who was physically helpless or mentally helpless or permitting Plaintiff, Gary Castle, a person of whom Defendant had actual custody, to be abused; such abuse caused serious physical injury, placed Plaintiff, Gary Castle, in a situation that might cause him serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Plaintiff, Gary Castle.

c)     Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Plaintiff, Gary Castle, who was unable to care for himself because of his illness;

d)     Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e)     Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and 216B and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

28.    As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Plaintiff, Gary Castle, suffered the injuries described herein.

29.    Plaintiff, Gary Castle, asserts a claim for judgment for all compensatory and punitive damages against Defendant, Madison Health, including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff, Gary Castle, is entitled by law.

## CORPORATE NEGLIGENCE

30.    Plaintiff, Gary Castle, re-alleges and incorporates the information and allegations contained in Paragraphs 1 – 29, as if fully set forth herein.

31.    Plaintiff, Gary Castle, was looking to Defendant, Madison Health, and the agents and employees of each Defendant at the Facility for treatment of his total needs, including his

physical ailments, and not merely as the situs where others not associated with the Facility would treat him for his problems; there is a presumption that the treatment Plaintiff, Gary Castle, received was being rendered through employees of Defendant, Madison Health, and that any negligence associated with that treatment would render Defendant, Madison Health, responsible. Defendant, Madison Health, or persons or entities under the control of each, or to the extent any Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents of the Facility, including Plaintiff, Gary Castle, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

32.     Defendant, Madison Health, owed a non-delegable duty to assist Plaintiff, Gary Castle, in providing services necessary to cause Plaintiff, Gary Castle, to achieve and maintain his highest level of physical, mental and psychological well-being possible.

33.     Defendant, Madison Health, owed a duty to Plaintiff, Gary Castle, to maintain the Facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

34.     Defendant, Madison Health, owed a duty to Plaintiff, Gary Castle, to have in place policies, procedures, and protocols that properly care for residents and to administer these policies, procedures, and protocols through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

35.     Defendant, Madison Health, owed a duty to Plaintiff, Gary Castle, to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence; the duty of reasonable care and

attention extended to safeguarding Plaintiff, Gary Castle, from danger due to his inability to care for himself; Defendant, Madison Health. had a duty to protect Plaintiff, Gary Castle, from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

36.     A reasonably prudent long-term care facility would not have failed to provide the care listed above, it was foreseeable that these breaches of ordinary care would result in serious injuries to Plaintiff, Gary Castle.  With regard to each of the foregoing acts and omissions which amount to negligence, Defendant, Madison Health, acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff, Gary Castle.

37.     As a direct and proximate result of such act or acts of negligence, oppression, fraud, malice, or gross negligence, Plaintiff, Gary Castle, suffered the injuries described herein.

38.     Plaintiff, Gary Castle, asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff, Gary Castle, is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

39.     Plaintiff, Gary Castle, re-alleges and incorporates the information and allegations contained in Paragraphs 1 – 38, as if fully set forth herein.

40.     Defendant, Madison Health, violated statutory duties owed to Plaintiff, Gary Castle, as a Resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

41.     The violations of the resident's rights of Plaintiff, Gary Castle, include:

      a)     Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality;

      b)     Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

      c)     Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

      d)     Violation of the right to be free from abuse and neglect; and

      e)     Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

42.     As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, Madison Health, pursuant to KRS § 216.515(26), Plaintiff, Gary Castle, is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

43.     With regard to the aforementioned violations of the Resident's Rights Act, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton

11

and reckless disregard for the rights of Plaintiff, Gary Castle, and, pursuant to KRS § 216.515(26), Plaintiff, Gary Castle, is entitled to punitive damages from Defendant, Madison Health, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

44.     Plaintiff, Gary Castle, re-alleges and incorporates the information and allegations contained in Paragraphs 1 – 43, as if fully set forth herein.

45.     As a direct and proximate result of the negligence of the Defendant, Madison Health, as set out above, Plaintiff, Gary Castle, suffered injuries including, but not limited to, those listed herein.  As a result, Plaintiff, Gary Castle, suffered embarrassment, physical impairment, and great pain and suffering, both physical and mental.

46.     Plaintiff, Gary Castle, seeks punitive and compensatory damages against the Defendant, Madison Health, in an amount to be determined by the jury, plus costs and all other relief to which Gary Castle, is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Gary Castle, prays for judgment against Defendant, Madison Health, in the type set forth herein and an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff may appear entitled, including TRIAL BY JURY.

Respectfully submitted,

Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:  (502) 584-5050
Fax: (502) 584-5055
jeff@slftrial.com
*Counsel for Plaintiff*